# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAJUAN LAMARR WREN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 16-2234 (ABJ) |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

On October 14, 2015, plaintiff Dajuan Lamarr Wren, a federal prisoner, filed a request under the Privacy Act, 5 U.S.C. § 552a,[1] and the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking information from the Drug Enforcement Administration ("DEA") about a particular Special Agent's training, employment history, and experience testifying in criminal trials. Compl. [Dkt. # 1] at 1–3; Ex. A to Compl. ("FOIA Request"). After the DEA denied plaintiff's request, he filed this lawsuit, *pro se*, against the DEA and the United States Department of Justice ("DOJ"). Compl. at 1–2. In response to the lawsuit, defendants filed a motion for summary judgment, which is now pending before the Court. Defs.' Mot. for Summ. J. [Dkt. # 12] ("Defs.' Mot.").

---

1 While plaintiff brought suit under the Privacy Act, that statute does not apply to this situation because plaintiff seeks records about a federal official, not about himself. The Privacy Act provides that "[n]o agency shall disclose any record which is contained in a system of records . . . except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains," except if one of the statutory exceptions applies. 5 U.S.C. § 552a(b). The "Privacy Act allows for amendment of factual or historical errors. It is not . . . a vehicle for amending the judgments of federal officials or . . . others [that] are reflected in records maintained by federal agencies." *Kleiman v. Dep't of Energy*, 956 F.2d 335, 337 (D.C. Cir. 1992) (internal quotation omitted).

While this lawsuit was pending, defendants provided plaintiff with much of the information that he sought in his FOIA request. For the limited information that remains at issue, the Court will grant defendants' motion. The government is not required to disclose information under FOIA where no such record exists. And because plaintiff is not eligible or entitled to fees, the Court will deny that request as well.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 14, 2015, plaintiff submitted a request under FOIA and the Privacy Act to the DEA, seeking information about Special Agent Bryan Sartori, who had testified in plaintiff's criminal trial. Compl. at 4; FOIA Request. Plaintiff requested the following information:

(a)  The date Special Agent Sartori was hired by the DEA;

(b)  His law enforcement experience, including his dates of employment prior to joining the DEA;

(c)  The dates he was trained at Quantico, Virginia;

(d)  His history of field postings following training; and

(e)  A list of criminal cases in which he has testified, including the case names, case numbers, and the court(s) name and location(s).

See FOIA Request. In a letter dated November 5, 2015, the DEA responded that it would not conduct any searches for the requested records without "consent, proof of death, . . . or an overriding public interest" because "any non-public records responsive to [plaintiff's] request would be categorically exempt from disclosure" under FOIA Exemption 7(C). Ex. B. to Compl. [Dkt. # 1].

Plaintiff filed an administrative appeal by letter dated November 19, 2015, asserting that the requested information was "neither non-public in nature nor an invasion of . . . personal privacy," and he pointed out in that letter that Special Agent Sartori had already testified to much of this information during plaintiff's January 2011 criminal trial in "the Eastern Judicial District

2

of Michigan, Criminal Case number 10-20137." Ex. C to Compl. [Dkt. # 1]. The DOJ's Office of Information Policy rejected plaintiff's appeal, citing FOIA Exemptions 6 and 7(C). Ex. D to Compl. [Dkt. # 1] ("Because any non-public records responsive to your request would be categorically exempt from disclosure, the FBI[2] properly asserted [FOIA] Exemptions 6 and 7(C) and was not required to conduct a search for the requested records."); *see also* Decl. of Katherine L. Myrick [Dkt. # 12-1] ("Myrick Decl.") ¶ 9.

Plaintiff then filed this lawsuit and defendants moved for summary judgment. Plaintiff opposed the motion, and in his opposition, he attached pages of the transcript from the criminal trial in which Special Agent Sartori testified as to many of the facts covered by his request. Pl.'s Opp. to Defs.' Mot. ("Pl.'s Opp."); Ex. 1 to Pl.'s Opp. [Dkt. # 14]. In their reply brief, defendants represented that plaintiff had, "for the first time, provided portions of the transcript from his criminal trial," in which Special Agent Sartori "testified about the biographical information that [p]laintiff sought in his FOIA request." Reply in Supp. of Defs.' Mot. [Dkt. # 20] ("Defs.' Reply") at 1–2. While defendants maintained their position that the information would likely still be protected by Exemptions 6 and 7(C), in the interest of avoiding "needlessly extend[ed] litigation," they provided the information sought by the first four parts of plaintiff's FOIA request. *Id.* at 2–3; *see also* Decl. of Diane E. Filler [Dkt. # 20–1] ("Filler Decl."). The Court appreciates the defendants' decision to review their initial position and to make material available to plaintiff.

The only information that remains at issue is a list "of criminal cases in which [Special Agent Sartori] has testified, including case name and case number, and the court(s) name and location(s)." *See* FOIA Request. Defendants claim that the DEA does not maintain a system of

---

2     The reference to the "FBI" appears to be in error; plaintiff's request was filed with the "DEA," which is a separate component of the United States Department of Justice.

records that contains that information, and that even if such information existed, it would be exempt from disclosure under Exemptions 6 and 7(C). *See* Myrick Decl. ¶ 12. Plaintiff was granted leave to file a surreply; he did not respond to defendants' position on the remaining category of documents, but he did argue that he is entitled to fees in light of what he deems to be the government's bad faith in responding to his request. Pl.'s Surreply [Dkt. # 21] at 2.

## STANDARD OF REVIEW

In a FOIA case, the district court reviews the agency's decisions *de novo* and "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B); *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). "[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Office of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). To defeat summary judgment, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted).

The mere existence of an alleged factual dispute is insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party; a fact is "material" only if it is capable of affecting the outcome of the litigation. *Id.* at 248; *Laningham v. U.S. Navy*, 813 F.2d

1236, 1241 (D.C. Cir. 1987). In the FOIA context, "the sufficiency of the agency's identification or retrieval procedure" must be "genuinely in issue" in order for summary judgment to be inappropriate. *Weisberg v. DOJ*, 627 F.2d 365, 371 n.54 (D.C. Cir. 1980), quoting *Founding Church of Scientology v. Nat'l Sec. Agency*, 610 F.2d 824, 836 (D.C. Cir. 1979) (internal quotation marks omitted). In assessing a party's motion, the court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the summary judgment motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alterations omitted), quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).

"Summary judgment may be granted on the basis of agency affidavits" in FOIA cases when those affidavits "contain reasonable specificity of detail rather than merely conclusory statements," and when "they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." *Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 215 (D.C. Cir. 2013), quoting *Consumer Fed'n of Am. v. Dep't of Agric.*, 455 F.3d 283, 287 (D.C. Cir. 2006). However, a plaintiff cannot rebut the good faith presumption afforded to an agency's supporting affidavits through "purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991), quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981).

Even if the nonmoving party fails to respond to the motion for summary judgment, or portions of that motion, a court cannot grant the motion solely on the basis that it was conceded. *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016). That is because the "burden is always on the movant to demonstrate why summary judgment is warranted." *Id.*, quoting *Grimes v. District of Columbia*, 794 F.3d 83, 97 (D.C. Cir. 2015) (Griffith, J., concurring). A district court "must determine for itself that there is no genuine dispute as to any material fact

and that the movant is entitled to judgment as a matter of law, and then 'should state on the record the reasons for granting or denying the motion.'" *Id.* at 509, quoting Fed. R. Civ. P. 56(a).

Finally, the Court must take care to construe plaintiff's filings liberally, because complaints filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *See Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## ANALYSIS

FOIA requires the release of government records upon request. Its purpose is "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). At the same time, Congress recognized "that legitimate governmental and private interests could be harmed by release of certain types of information and provided nine specific exemptions under which disclosure could be refused." *FBI v. Abramson*, 456 U.S. 615, 621 (1982); *see also Ctr. for Nat'l Sec. Studies v. United States Dep't of Justice*, 331 F.3d 918, 925 (D.C. Cir. 2003) ("FOIA represents a balance struck by Congress between the public's right to know and the government's legitimate interest in keeping certain information confidential."), citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989). The Supreme Court has instructed that "FOIA exemptions are to be narrowly construed." *Abramson*, 456 U.S. at 630.

To prevail in a FOIA action, an agency must first demonstrate that it has made "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). Second, the agency must show that "materials that are withheld . . . fall within

a FOIA statutory exemption." *Leadership Conference on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246, 252 (D.D.C. 2005). Any "reasonably segregable" information in a responsive record must be released, 5 U.S.C. § 552(b), and "non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions." *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977).

**I.   Defendants are not required to create a record to respond to item "(e)" of the FOIA request.**

Because a fundamental principle behind FOIA "is public access to government documents," courts require agencies "to follow through on obvious leads to discover requested documents." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999), citing *Campbell v. DOJ*, 164 F.3d 20, 28 (D.C. Cir. 1998). Therefore, an agency only "fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Id.*, quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990); *see also Oglesby*, 920 F.2d at 68.

To demonstrate that it has performed an adequate search for responsive documents, an agency must submit a reasonably detailed affidavit describing the search. *Oglesby*, 920 F.2d at 68. An affidavit is "reasonably detailed" if it "set[s] forth the search terms and the type of search performed, and aver[s] that all files likely to contain responsive materials (if such records exist) were searched." *Id.*; *see also Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 92 (D.D.C. 2009).

"Agency affidavits are accorded a presumption of good faith," *SafeCard Servs.*, 926 F.2d at 1200, which can be rebutted with "evidence of agency bad faith," *Military Audit Project*, 656 F.2d at 738, or when "a review of the record raises substantial doubt" that certain materials were overlooked despite well-defined requests. *Valencia-Lucena*, 180 F.3d at 326, citing *Founding*

7

*Church of Scientology*, 610 F.2d at 837; *see also Truitt*, 897 F.2d at 542 ("If, however, the record leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper.").

While agencies have a duty to search for responsive records, they are under no obligation to create records in response to a FOIA request. *Forsham v. Harris*, 445 U.S. 169, 186 (1980), citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975); *see also Yeager v. DEA*, 678 F.2d 315, 321 (D.C. Cir. 1982) ("It is well settled that an agency is not required by FOIA to create a document that does not exist in order to satisfy a request."); *Frank v. DOJ*, 941 F. Supp. 4, 5 (D.D.C. 1996) ("The Justice Department is not required, by FOIA or by any other statute, to dig out all information that might exist, in whatever form or place it might be found, to create a document that answers plaintiff's question.").

In this case, only one category of records remains at issue: a "list of criminal cases in which [Special Agent Sartori] has testified, including case name and case number, and the court(s) name and locations(s)." *See* FOIA Request. The agency addressed its response to that part of the search in the declaration of Katherine L. Myrick, the Chief of the Freedom of Information / Privacy Act Unit at the DEA. *See* Myrick Decl. Ms. Myrick, who has served in that role for almost twenty years, avers that she is "familiar with the policies and practices of DEA and DOJ related to searching for, processing, and the release of DEA information responsive to" FOIA and Privacy Act requests, and she states that there is "no system of records maintained by DEA that lists, by name of a DEA Special Agent, the criminal cases in which a DEA Special Agent has testified, including case name and case number, and the court(s) name and location(s)." *Id.* ¶¶ 2, 12. So defendants argue that no search has been undertaken because there is no system of records to search. Defs.' Reply at 3–4.

Agency affidavits are afforded a presumption of good faith, *Defs. of Wildlife v. U.S. Dep't of Interior,* 314 F. Supp. 2d 1, 8 (D.D.C. 2004), which can be rebutted with "evidence that the agency's search was not made in good faith." *Id.*, quoting *Trans Union LLC v. Fed. Trade Comm'n,* 141 F. Supp. 2d 62, 69 (D.D.C. 2001). Here, there was no search, and there is no evidence, that the agency's actions were in bad faith.[3] The DEA's invocation of the exemption at the administrative stage was somewhat hasty and reflexive, and it did not survive more careful evaluation, but it was not unreasonable to believe that the sorts of information requested would fall within the category of material that is usually exempt from disclosure.

Plaintiff seeks the list of cases in an attempt to prove that Special Agent Sartori is not credible; he alleges, for instance, that while Special Agent Sartori claims to have testified in over a hundred cases, there is only proof of two cases in a database that Wren has searched. *See* Pl.'s Opp. at 4 ("[A] search of the federal-court database available to Wren in his federal prison identified but a single case where Sartori's name appears: Wren's current criminal case. Recently, a second case was identified . . . ."). But there is no database where that information would be found, Myrick Decl. ¶ 12, and the DEA is not required to undertake research in response to a FOIA request. So the Court finds that the agency's search – asking a person with personal knowledge and experience with the agency's recordkeeping where records might be found – and concluding that there is no applicable database, satisfies the agency's obligations under FOIA to conduct an adequate search. Plaintiff has not argued otherwise.

---

3   While one might reasonably question the DEA's thoroughness – it failed to identify the transcript from the outset notwithstanding the fact that plaintiff's appeal letter cited the court, docket number, and date that Special Agent Sartori testified in the criminal case, Ex. C to Compl. [Dkt. # 1] – the confusion has since been resolved, and there is no other evidence that the agency acted in bad faith.

## II. Plaintiff is not entitled to recover litigation costs.

Plaintiff requested litigation costs in his surreply. Pl.'s Surreply [Dkt. # 21] at 2. Courts "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred" in any FOIA case where "the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). A FOIA plaintiff must clear two hurdles in order to recover its fees and costs: the requester must show that he is both eligible and entitled to such an award. *Brayton*, 641 F.3d at 524, citing *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 470 F.3d 363, 368–69 (D.C. Cir. 2006). Under the eligibility prong, a court "asks whether a plaintiff has substantially prevailed and thus may receive fees." *Id.* To substantially prevail, the complainant must show that it has "obtained relief" through either a judicial order or "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii); *see also Brayton*, 641 F.3d at 525 ("[T]he Open Government Act of 2007 . . . revived the possibility of FOIA fee awards in the absence of a court decree.").

If the requester is eligible for a fee award, the Court "proceeds to the entitlement prong and considers a variety of factors to determine whether the plaintiff *should* receive fees." *Brayton*, 641 F.3d at 524, citing *Judicial Watch*, 470 F.3d at 369. A court must consider a number of factors in determining the plaintiff's entitlement to recover a fee award: "(1) the public benefit derived from the case; (2) the commercial benefit to the requester; (3) the nature of the requester's interest in the information, and (4) the reasonableness of the agency's conduct." *Morley v. CIA*, 719 F.3d 689, 690 (D.C. Cir. 2013). "No one factor is dispositive," *Davy v. CIA*, 550 F.3d 1155, 1159 (D.C. Cir. 2008), but "the rule remains that if the government was 'correct as a matter of law' to refuse a FOIA request, 'that will be dispositive.'" *Brayton*, 641 F.3d at 525, quoting *Davy*, 550 F.3d at 1162.

10

Plaintiff asks this Court to award fees for his litigation costs, which he itemizes as a $400 filing fee, $250 in "out of pocket costs," and $10,000 of general "litigation" costs. Pl.'s Surreply [Dkt. # 21] at 2. Plaintiff provides no detail substantiating the $250 in out of pocket costs, and he does not explain why a *pro se* litigant would have incurred or should be awarded $10,000 in "litigation" costs. In any event, "[a]n individual who litigates *pro se* is ineligible for attorney's fees under the Freedom of Information Act (FOIA)." *Nat'l Sec. Counselors v. CIA*, 811 F.3d 22, 24 (D.C. Cir. 2016). So the only question that remains is whether plaintiff is eligible for and entitled to the return of his $400 filing fee.

While it is true that plaintiff obtained relief in this lawsuit when defendants unilaterally changed their position and produced information, the Court questions whether one can characterize plaintiff's attempt to probe the veracity of the Special Agent's testimony about his own background and credentials as a "not insubstantial" claim. 5 U.S.C. § 552(a)(4)(E)(ii). So there is a question about whether plaintiff would be eligible for fees at all.

But even if he were eligible for fees, he is not entitled to them. The first factor, the "public benefit derived from the case," considers "both the effect of the litigation for which fees are requested and the potential public value of the information sought." *Davy,* 550 F.3d at 1159. Plaintiff's FOIA suit did not compel the release of information that "was not previously available to the public" but rather "produced only faster disclosure of publicly available information." *Id.* Plaintiff has also not made any arguments for the public value derived from releasing information meant solely to assist him in challenging testimony in his criminal trial. *See Cotton v. Heyman*, 63 F.3d 1115, 1120 (D.C. Cir. 1995) (holding that no public benefit was derived where plaintiff was an attorney requesting information in preparation of private litigation for a client). So plaintiff

has not shown an eligibility based on any public benefit of information regarding – as plaintiff alleges – whether a particular Special Agent may have perjured himself.

The second and third factors – the commercial benefit of the request and the plaintiff's interest – are often considered together. *Tax Analysts v. DOJ*, 965 F.2d 1092, 1095 (D.C. Cir. 1992), superseded by statute on other grounds. "FOIA was fundamentally designed to inform the public and not to benefit private litigants," and so "when a litigant seeks disclosure for a commercial benefit or out of other personal motives, an award of attorney's fees is generally inappropriate." *Id.* (internal quotation omitted). Again, plaintiff's interest in the documents was for his own personal motive – to try to prove that the Special Agent perjured himself in some way, *see* Compl. at 6, 8 – so the second and third factors strongly counsel against a finding of entitlement to fees.

Finally, the fourth factor, the reasonableness of the agency's withholding, is in equipoise. Courts must consider whether the agency's withholding of records "had a reasonable basis in law." *Tax Analysts*, 965 F.2d at 1096. This factor "is intended to weed out those cases in which the government was 'recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior.'" *Id.* at 1097, quoting *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1366 (D.C. Cir. 1977). If the government's withholding is correct as a matter of law, there are no grounds on which to award fees. *Davy*, 550 F.3d at 1162. However, if the government's withholding of documents is "founded on a colorable basis in law, that will be weighed along with other relevant considerations in the entitlement calculus." *Id.*, quoting *Chesapeake Bay Found., Inc. v. U.S. Dep't of Agric.*, 11 F.3d 211, 216 (D.C. Cir. 1993).

The DEA initially declined to release information related to plaintiff's entire FOIA request because they argued that information about Special Agent Sartori's employment history, training,

and experience testifying in criminal trials would be exempt from disclosure under FOIA Exemption 7(C). Ex. B. to Compl. [Dkt # 1]; *see also* Myrick Decl. ¶ 6. That position may not have been fully justified, because the Special Agent testified in open court, and there is a transcript of those proceedings. *See ACLU v. DOJ*, 655 F.3d 1, 9–12 (D.C. Cir. 2011) (holding that "the fact that information . . . is readily available to the public reduces further the incursion on privacy resulting from disclosure," and that "neither [the information sought] nor information that might be derived from [it], will disclose personal information that is not already publicly available and readily accessible to anyone who might be interested in it"). But the government's argument is sufficiently "colorable" that the Court will find the fourth factor to be in equipoise. *See Davy*, 550 F.3d at 1162.

Because the first three factors favor the government, and the final factor is in equipoise, the Court finds that plaintiff is not entitled to recover litigation costs.

## CONCLUSION

For those reasons, the Court will grant defendants' motion for summary judgment. A separate order will issue.

*[signature: Amy B Jack]*

AMY BERMAN JACKSON
United States District Judge

DATE: October 19, 2017